We'll move to the last case for the day. Okay, Mr. Sears. Yes, your honor. Good morning. Good morning. My name is Shane Sears. We represent the appellant in this case. First of all, we'd like to thank you for the opportunity to address you regarding this very important matter. And I'm going to first, I'm going to go over the burden of proof issue, the comp ed issue and the prevailing party issue. I think we could cut to the chase here. Our client handled this pretty carefully in making a finding that there had been a child fine violation, but your client had the additional burden of showing that that violation had denied your client free and adequate public education. When I look at the record, it's how you in fact made that showing. So is it your theory that just because your client made bad grades that the judge is obliged to infer that that means that there had been a denial of free and adequate public education? Actually, Judge, it's twofold. Number one, I think Judge Kalan got the law wrong with respect to that issue. And if you go back and you look at the free and appropriate public education, FAPE as he called it, that is a term of art within IDEA. And if you look at Alabama 290.89.00.7, that's our administrative code. That actually defines what a FAPE is under the IDEA. And what it says is it's threefold, your honor. But one of the elements in its element D, it says FAPE is defined as being performed in conformity with an individualized education program and its requirements. That is per in D of that section. So what that basically means, your honor, is that in this case, this is a child fund case, there is no IEP for this child. Okay. But here's the problem, Mr. Sears. I understand your client was given an education. And if your argument is, well, not the kind of education that your client would have been given, had that taken evidence, though, that you presented that shows your client didn't get what your client otherwise would have gotten. Okay. And the difference here is, Judge, I don't know that we get to that part of the issue based on the law. But the second answer to that question is this. To do that, we would have had to, there would have had to been, we usually in experts at the school, because they are the professionals regarding the education of the student. And we proved through them that there was not equal access for this student to their education. And your honor pointed out a good thing, a good question. He said, is it just because the student made bad grades that you claim that she was denied an education? I said, no, it's not because that's because the child had been placed alternative school, the child was in detention, she had been tested with a low IQ, the essay, excuse me, not SAT, the ACT Aspire testing had shown that she was in need of support for math, science, and reading, and the school had done nothing to support her. So we file our case, your honor, to get her identified to get her that support through the IEP. Now, in this case, if there is a violation of child fine, because there is no IEP, it necessarily means that there is a violation of faith. Now, the court may say, well, Shane, could there be a case where there is a denial of faith and a child find question? And that the answer is yes, they come up all the time in cases where there may be a child that is displaying symptoms of ADHD, and we have to get them re identified, maybe under autism. So that would be a child find case where the child may already have an IEP. So there's a there's a distinct difference there, your honor, because this child had no IEP to begin with, as required by and looking at 298 9.00. And seven, it necessarily means this child was denied a faith. Has any court already held that proposition? Yeah, Judge, actually, I haven't found any cases actually cite that proposition is a very new. And I think even one of the judges noted in their opinion that it had not been addressed by the 11th circuit yet. And I think because it's never been, quite frankly, it's never been addressed. And let me tell you the interesting thing. This is a companion case to her identical sister, that I tried both of these cases, the identical sisters case, which is included for your review, in this case, the hearing officer actually found that she had been denied a faith, she received a compensatory education, along with suggestions to change her educational program. So this hearing officer, unfortunately, didn't take that view, based on essentially the same evidence in the she tried to dismiss it, I had to get Judge Ott to turn around and remand it back to her with instructions to award or to try the issue of child fine and comp ed. And then she only awarded the child bond issue. And so we go to district court. And I think here's part of the problem I'm having with this. So there were some interventions when your when was struggling in school, for example, the eighth grade math teacher, you know, was proactive, provided the student with help earlier in the year. There were things that were done by teachers to recognize the struggles your client was having. The math teacher in seventh one instructor instructions that the student was retaining the material and progressing. Because there were those kinds of things that happened, it's unclear to me how you put on any evidence that it would have been something different from all of that. Had there been a proper remediation following a child fine. And that's fair, judge. But to do that, we would have had to have an IEP for this child. That's where you that's where you make that program to show that it's different. You're asking us basically to step in the shoes of the school and say, well, how would the IEP, which is a team? Your argument is we should conclusively presume that in the absence of that plan, anytime there's a child fine violation that you're entitled to compensatory education. Is that the argument? If if there is not an IEP in place, and that is no plan in place, that then it's conclusive. And if the correct if there is a child fine issue and the hearing officer finds that it's a violation of child fine, because think about it. Why are they finding there's a violation of child? Couldn't the IEP have said, for instance, that this student should receive one on one work with her math teacher? Correct. And that's that's a good question. And the answer to that is pretty simple. If you look at the record, even though she was getting that one work from the teacher and getting retested, she still only made these in the class. She barely passed the class. So her IEP that ultimately they gave to her had different interventions than that for this child. So even though and Judge Pryor appreciate pointing that out, Judge Pryor points out, well, the math teacher did some stuff with her. They took some interventions. Well, that's PST that's required by 290-8-9 by the code for them to do before they do the IEP. So that's part of their obligation to the student. Now, our argument was to the hearing officer, it's still a violation of child fine because they should have already done this IEP for the student. And that's ultimately what she decided. Yes, it was a violation. Your argument, the best case for your argument is this Boos case from the D.C. Circuit? I think the Boos case supports it. I think. Is that your best case? Well, that's one of the best that I've found so far. Yes. The problem with that is it seems to me that you're ignoring some of the language from that decision. It said if a school district fails to satisfy its child fine duty or to offer the student an appropriate individualized education program, and if that failure affects the child's education, then the district has necessarily denied the student a free, appropriate public education. It's that and if the failure affects the child's education that seems to me to be missing from the equation here that the D.C. Circuit contemplated as part of your burden. May I respond briefly today? Sure. My time's up. Oh, no, you're on my time. Okay. Fair enough, Judge. And I would respond by saying we've got ample evidence, the record of this child having to attend alternative school detention, verbal warnings, and right. But you recognize, Mr. Sears, that could have happened anyway. It could have happened anyway. I would say, yes, it could have happened anyway, but all the signs, the red flags were there for the school to provide the student support when it wasn't doing so. And that's the whole basis of the child fine argument is that all those red flags were there, but they were ignored by the school. And clearly, if the child's only getting Ds at best after being retested, they're not providing the child ample support educationally for that child. Now you're on Judge Grant's time. As you say, the statute specifically says that you're denied a free appropriate public education if services aren't provided in conformance with the IEP that you've had. If there were a necessary finding of a lack of a free appropriate public education on the basis of a child fine violation, why wouldn't we assume that the statute would say so? It's very explicit in other definitions of what denial of a FAPE means. Okay, let me think that through for just a second, Judge. So are you asking me why wouldn't the statute identify that in section 290, well, print seven? Exactly. Why would the stat, given that the statute is very straightforward about other that qualifies denial of a FAPE, why wouldn't we assume that it also would say any child fine violation also means that there's denial of a FAPE? Well, I don't think you can assume that. I think that it's very specific for the reason that the statute or admin code contemplates that a denial of FAPE specifically regards the IEP and that that is in place for a reason. Whereas in this case, there is no IEP for this child. So it has to be a denial of FAPE. I mean, the child's already been, I mean, everybody, I mean, even the hearing officer and the district court both said that there was a, they overlooked clear signs of a disability. And that's the whole purpose of the IDEA is to protect these children. There's, I think there's good, I think you made a good record of why there's a child fine violation. The problem is the other part. Let's hear from Mr. Rudloff. May it please the court. Good morning, your honors. I am Andrew Rudloff, counsel for the Appalachian Jefferson County Board of Education. The court should affirm the district court's judgment for the board for two reasons. The first of which is the issue that judge Breyer that you find primarily focused on that the IDEA's child find principle is a procedural obligation, procedural in nature, and the appellant failed to prove below that that procedural violation, even if a child fine violation is assumed, caused any form of substantive harm in the form of a denial of FAPE. The district court's determination on that point was very explicit, was very thorough. And so the district court was correct in the end in denying the requested demand for compensatory education. The second reason that the court should affirm is broader, but it bears on. You contend there was no child fine violation. There was no procedural violation. You got a tougher road on that counsel. Correct, your honor. And I would admit that that is a tougher road to hoe. At the same time, the court would not need to reach that issue in the event that it found that there was not a substantive denial by virtue of the procedural violation. So what do you think about your, you heard our questioning of your adversary about this and his response and how he satisfied his burden. What do you say about that? I think the precise language that you pointed to from the Booz case, your honor, is the failing and the burden of proof at the administrative level and at the district court level as well. The notion to prove a child fine claim, you first have to establish the point in time where the educators were on notice of clear signs of disability. And then you look to whether the educators acted and when they acted. And in this case they did. And so Judge Kalan said, and then this court in Dubrow indicated that it's the time that is of import. Judge Kalan said that the district was effectively on notice at the end of the 2015-16 school year of clear signs of a disability. And it was at that point, at the beginning of the start of the next year, that the district began the informal PST interventions and ratcheted them up to the more formal PST interventions. And I think the failing and the burden of proof was precisely- I understand that your adversary says, well, look, there was never an individualized educational program developed for this student. So necessarily the student was denied a free and appropriate public education. I don't think that's correct, your honor, for this reason. One, the student was- you think I'm understanding his argument correctly? I think you're understanding his argument correctly. I don't believe that argument is correct, though. The student was ultimately identified as a student who met IDA eligibility criteria in March of 17. And the issue is the degree of education or the caliber of the educational programming that has to be provided between the time that the board was on clear notice of a disability and the time that the board acted for the referral for evaluation. And it was that interim period that the district implemented those informal and formal PST interventions. And there was never any focus at the administrative hearing level on how those were insufficient or deficient or inappropriate or, frankly, different from what would be required by virtue of the student's needs. Would Mr. Sears have been required to call an expert? Let's assume there was a child bond violation, as Judge Kline found, okay? How would a plaintiff go about proving the denial of the free, appropriate public education? I think there would be two ways, Your Honor. In answer to your first question, no, I don't believe expert testimony was required. Do I think it would have been helpful in this case? Yes, I absolutely do. It's one way a plaintiff could do it, but you say not necessarily the only way. Correct, Your Honor. Certainly. All right, so how else? The other way that it could have been done was by virtue of pointing to the evaluation materials. When a student is evaluated for IDEA eligibility, there are a number of assessments that are performed, a whole host of them, and there were in this instance. And those assessments identify deficit areas, and those deficit areas are the areas that boards of education implement programming to try to address. In this instance, those deficit areas are identified by virtue of the materials, the evaluation materials that are a part of the record. And certainly, the appellant in this case could have identified those deficit areas and could have proposed what form of specially designed instruction, special education should have been utilized during the time period in question, that relevant time period between the point of notice and the point when the board acted. Is it accurate to say that this child's identical twin sister has a virtually identical record and achieved a different result? Achieved a different result in what way, Your Honor? I'm sorry. It was my understanding that for the sister, it had been determined that there had been a denial of a FAPE. Is that correct? The hearing officer in that case, again, it's a different student, different circumstances from the board's perspective, and the board treated it as such. The hearing officer in that case did find a child find a violation. I don't know that he focused on the substantive harm component of the analysis that we have focused on in this case, and he ultimately did order an award of compensatory education. What's the delta in the standard of review? Would it be possible for an appellate court to look at similar records where one hearing officer determined that there was a violation of FAPE, the other didn't, and for us to affirm both of those? Or do you think the standard is more narrow than that? I think the standard is more narrow in that, Your Honor, because the case involving the sibling was a different case, and the hallmark of the IDEA is individualization, and so I think the court has to look at each case individually. The fact that the sibling's administrative record and, frankly, the decision from that case were included in the record here, the reason that the board agreed to do so was really fixated on one point, and that was in the sibling's case, the school nurse testified regarding some aspects and some paperwork of when purported notice of an ADHD diagnosis was communicated to the system, and so the administrative record was included on that, was included so that the nurse really didn't need to be called in the second hearing, the hearing that we are here about today. Turning very briefly to the child find component, Your Honor, the board's argument there is primarily fixated on the fact that there are several different concepts that round out the child find obligation. Certainly, the IDEA does not require referral of every struggling student, and in this case, the board responded when they did see a student evidencing difficulty through the interventions that the court has identified. No single diagnosis, for example, requires a particular step at a particular point in time, and the educators are not required to necessarily presume that poor academic performance means that any poor academic performance is related. And of course, the educators as this court identified in the Dubrow decision are encouraged to use measures besides special education to assist struggling students, and the reason for that is borne out in the board's brief, but it's primarily so that general education interventions can be used to address needs if those are sufficient. When they are not sufficient, the board proceeds further, as I said before, and ratchets up the interventions that are used, and if necessary, that ultimately culminates in the referral for an IDEA eligibility evaluation and the implementation of special education services if the student were to qualify. Your Honor, those are the points that I wish to bring to the court's attention. Unless the court would have any further questions for me, I would defer the balance of my time and simply ask that court affirm the judgment in favor of the board that Judge Klon had entered, which denied the compensatory education request and denied the request for prevailing party status. Okay, thank you. Mr. Sears. So I guess I get the balance of his time as well, right? No, you do. His gift is to us, not to you. Okay, fair enough. But you're not getting anything subtracted. I gotcha. Two things I would point out, Judge Pryor, is that, you know, he made the comment that it was from they started trying to change the program from the time they should have found out about the child's disability up until when the IEP was instituted. But as you know, the IDEA goes back two years. So the hearing officer or the district court could award compensatory education for this filing. It's not just that little intervening period of time my esteemed colleague was talking about. The other thing he mentioned was, well, they could have proven or met their burden by getting some of the data from the IEP that showed that she was deficient in areas to prove their case. However, Judge, I would point out that we already had data showing she was deficient areas that we brought to the hearing officer and to the district court's attention regarding the ACT Aspire standardized testing that showed that she was in need of support in multiple areas for multiple years. So we did in fact... It does seem to me that you proved that the student was having problems. Okay. That's not the same thing though as proving that your client was denied a free appropriate public education. Your client could be provided that and still do poorly. Right? I agree. My client could be provided a free appropriate public education and still do poorly. However, the difference is that by the mechanism of the IEP team, they could change the program, they collect the data, they determine why the child's doing poorly and institute a new program for the child so the child does better. And that's the problem that we really have here, Judge, is prior to us finally... Let me ask you this way, Mr. Sears. You heard me, I think, pose the board that your argument seems to be that because there was no program developed for your client, then that necessarily means as a result of the procedural violation that your client was denied a fate. Is that a fair description of your argument? I think that is a fair description, but I would go further to say... If we disagree with that argument, that satisfies your burden, then you lose on this record. I think the answer to that is no, because I still think we've overcome the burden that the district court mentioned in his order through the things I mentioned, proving that she was in alternative school, detention, verbal warnings or write-ups, the IQ assessment showing that she was in the low average range, the visual and fluid readiness was in the low average range, the other standardized testing that showed that she was in need of support. So I still think we've overcome that burden. But it can't be, Mr. Sears, that if you haven't satisfied your burden that just because there was program developed, individualized program developed for your client, if that doesn't satisfy the burden, it can't be that just because the student was having problems, all you did was recount the educational problems the student was having, that that necessarily satisfies the burden either. Well, and there's no other... And going back to what Mr. Rudloff said, there's really no other way as a petitioner in these cases, when you start these cases to show that this child is entitled to an IEP or entitled to eligibility under the IBEA. I think that ultimately, if this court comes back and says, well, they didn't meet that burden, you're putting all the petitioners into a box of having to present expert testimony at these due process hearings, which was never intended by the... You heard him. He said that wouldn't be the only way you could prove it. That would be one way. That would be one way. But the other problem with what Mr. Rudloff said is that just because you could have a child fine violation in the case and never get that IEP or that IEP come after the due process hearing. So you could have your trial, your due process hearing and not have that data that Drew is suggesting that could be used in that case. So I think it's very problematic, Your Honor. Can I make one final point? I know my time is up. On the prevailing party issue, I would respectfully say that... Well, no. We don't need to be talking about issues that you didn't bring up an opening and your adversary didn't have an opportunity to respond to. You'll have to... You have to go with your brief on that. Okay, fair enough. If you want to make 30 seconds to wrap up about what we have been talking about, that's no problem. No, I stand on what I've said on those points, Your Honor. And I think that the best... I think I've got two really good arguments against what Mr. Rudloff has said in that you don't always have an IEP for a child before you try these cases. So in effect, that argument is difficult at best. And number two, that a lot of times in these cases, if the court does rule or affirms the verdict, you're putting the petitioners in a real box in these cases. I think we understand. And we will be in recess until tomorrow morning. Thank you, Your Honor. Thank you.